UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

AMBER THOMPSON,                                                    PLAINTIFF

v.                                              CIVIL ACTION NO. 3:09-CV-940-S

NEXT-TEK FINISHING, LLC,                                          DEFENDANT

## <u>MEMORANDUM OPINION</u>

Defendant Next-Tek Finishing LLC allegedly terminated Plaintiff Amber Thompson's employment after she informed the firm that she was pregnant and then complained about its handling of her condition. She then filed this lawsuit in state court. After Judge Shake dismissed the only non-diverse co-defendant, Next-Tek removed the case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(b). The day after removing, Next-Tek filed a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings, to which Thompson has failed to respond. For the reasons that follow we will grant the motion in part and dismiss the majority of the complaint; part of one claim for relief will survive.

A motion for judgment on the pleadings is reviewed under the same standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim. *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007) (*citing EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001)). That standard, as recently revised by the Supreme Court, requires us to dismiss a complaint unless it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009). While we must take the complaint's factual allegations as true in making this assessment, we need not accept the truth of legal conclusions or draw unwarranted

factual inferences. *DirectTV, Inc.* 487 F.3d 271, 476 (6th Cir. 2007); *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000). The complaint asserts six causes of action.

Count A alleges pregnancy discrimination in violation of the Kentucky Civil Rights Act, KRS 344.010 *et seq*. Specifically, KRS 344.040 bars sex discrimination, and KRS 344.030(8) includes discrimination "because of or on the basis of pregnancy" in its definition thereof. To successfully plead this cause of action, a plaintiff must allege four elements: (1) that she is a member of a protected class (i.e. that she was pregnant); (2) that she suffered an adverse employment action; (3) that she is qualified for the position; and (4) that a similarly situated employee outside the protected classification was not subject to the adverse action. *Tiller v. Univ. of Ky.*, 55 S.W.3d 846, 849 (Ky. Ct. App. 2001). Next-Tek notes that the complaint contains no allegation that anyone outside the plaintiff's protected class (i.e. a similarly situated person who was not pregnant) was treated any better than she was. It therefore argues that Thompson has only alleged "that other *pregnant* employees were treated better than she was" (Def.'s Br. 4), and that her claim must fail. We disagree, in part. Thompson alleges that Next-Tek "terminated [her] employment because of her pregnancy." (*Id.* at ¶ 13.) If proved, this would make out a KRS 344.040 discrimination claim. Next-Tek obviously has other, non-pregnant employees whom it has not fired.

We are however in agreement with the defense that the plaintiff has not stated a claim for discrimination based on its treatment of the plaintiff while she was still employed. There is no explanation of how Next-Tek "altered Thompson's work environment" (*id.* at ¶ 10), nothing tying any change to the fact that she had become pregnant, and no allegation that anyone else in the company (pregnant or not) was treated differently from her. Thompson's assertion that the alteration of her work environment constituted discrimination (*id.*) is a legal conclusion unsupported by any

factual allegations. We will therefore dismiss Count A insofar as it attempts to allege that the plaintiff suffered from discrimination while she still worked at the firm.

Count B alleges common-law wrongful discharge. Here we agree with the defense: the Kentucky Civil Rights Act preempts the common law in this area. *Grzyb v. Evans*, 700 S.W.2d 399, 401 (Ky. 1985). Thus the plaintiff's action will lie only under the statutory framework, and the common-law claim must be dismissed. Similarly, we must dismiss Count C (for intentional infliction of emotional distress) because KRS Chapter 344 preempts IIED claims arising out of the same events as an employment-discrimination claim. *Wilson v. Lowe's Home Ctr.*, 75 S.W.3d 229, 239 (Ky. Ct. App. 2001) (*citing Grzyb* 700 S.W.2d at 401; *Messick v. Toyota Motor Mfg., Ky, Inc.*, 45 F. Supp. 2d 578, 582 (E.D.Ky. 1999)).

We also agree with the defendant that pregnancy does not constitute a "disability" within the meaning of KRS Chapter 344. As noted above, pregnancy discrimination is specifically defined as a form of sex discrimination; that alone is good reason to think that the legislature did not mean for it to be considered a form of disability discrimination as well. In addition, courts in this circuit and elsewhere have consistently stated that pregnancy is not a disability. *See*, *e.g.*, *Spees v. James Marine, Inc.*, 2009 U.S. Dist. LEXIS 34363 (W.D. Ky. Apr. 21, 2009); *Gover v. Speedway Super America, LLC*, 254 F. Supp. 2d 695, 705 (S.D. Ohio 2002) (collecting cases from several districts recognizing that pregnancy, by itself, is not a disability within the meaning of the Americans with Disabilities Act); *Jessie v. Carter Health Care Center, Inc.*, 926 F.Supp. 613, 616 (E.D. Ky. 1996) (pregnancy "is a temporary non-chronic condition of short duration which is not a disability under normal circumstances"). We will follow those courts' lead, and accordingly will dismiss Counts D and E of the complaint.

Finally, Count F alleges that the plaintiff was fired in retaliation for complaining about the way she had been treated after announcing her pregnancy, in violation of KRS 344.280. But as the defense points out, such "retaliation" is illegal only if it comes "because [the plaintiff] has opposed a practice declared unlawful by this chapter." KRS 344.280(1). A predicate for invoking this cause of action is the existence of an illegal practice for the aggrieved plaintiff to oppose; "if no 'practice declared unlawful by this chapter' has occurred, there can be no retaliation or discrimination as contemplated by" KRS 344.280. *Himmelheber v. ev3, Inc.*, 2008 U.S. Dist. LEXIS 10004, at *8 (W.D. Ky. Feb. 7, 2008). As explained above, the only discriminatory action successfully alleged in the complaint is the termination of Thompson's employment, and obviously she cannot have been fired for complaining about having been fired. As a matter of logic, Count F cannot succeed and will be dismissed.

The defense's motion will be granted in part and denied in part. A separate order will effectuate the rulings expressed above.